In re MONROE COUNTY HOUSING CORPORATION, INC., a Florida corporation, not for profit, Debtor.

MONROE COUNTY HOUSING CORPORATION, INC., a Florida corporation, not for profit, Debtor-in-possession, Plaintiff,

v.

CAFCO ENGINEERS, INC., et al., Defendants.

CLIMATROL SALES, INC., f/k/a Climatrol Corp., Cross-Plaintiff,

v.

CAFCO ENGINEERS, INC., and Ohio Casualty Insurance Company, Cross-Defendants.

Bankruptcy No. 81–01091–BKC–SMW. Adv. No. 81–0516–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

May 6, 1983.

Mark Carroll, Blackwell, Walker, Gray, Flick and Hoehl, Miami, Fla., John Spottswood, Key West, Fla., for Monroe County Housing.

John R. Lawson, Tampa, Fla., R. Earl Welbaum, Miami, Fla., for Cafco Engineers, etc. and Ohio Casualty Co.

Richard Daniels, Miami, Fla., for Fletcher & Valenti.

Jeffrey R. Keiner, Orlando, Fla., for Akerman, Senterfitt, Eidson.

Richard M. Goldstein, Miami, Fla., for Climatrol.

Jerry L. Newman, Tampa, Fla., for Thomasino & Associates.

---

## MEMORANDUM DECISION ON MOTION FOR JUDGMENT AND MOTIONS FOR ATTORNEYS' FEES

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come on to be heard upon cross-plaintiff's Motion for Judgment, the Motion of Garnishee, Akerman, Senterfitt and Eidson for Attorneys' Fees and the Motion of Garnishee, Blackwell, Walker, Gray, Powers, Flick and Hoehl for Attorneys' Fees and the Court having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings:

Pursuant to a Court approved settlement agreement, Fletcher & Valenti Associates, Inc. became indebted to Cafco Engineers, Inc. (Cafco), and Monroe County Housing Corporation (Monroe) in the amount of $306,000.00. These funds were to be divided so that after payment of all other expenses Cafco was to receive $161,100.00. By the terms of this Court's Judgment, in Adversary Proceeding No. 81–0516–BKC–

SMW–A, Climatrol Sales, Inc. (Climatrol) became the holder of a judgment against Cafco in the amount of $27,965.16.

Pursuant to Climatrol's motion and Bankruptcy Rule 769, Federal Rule of Civil Procedure 69 and Florida Statutes Chapter 77, (1982), Writs of Garnishment were issued to Fletcher & Valenti, Architects, P.A.; Akerman, Senterfitt and Eidson, CNA, as legal representatives of Fletcher and Valenti, P.A.; Blackwell, Walker, Gray, Powers, Flick and Hoehl, as legal representatives of Monroe County Housing Corporation, Inc. and Tomasino and Associates, Inc.

A Writ of Garnishment was served on Blackwell, Walker, Gray, Powers, Flick and Hoehl, as court appointed escrow agent, on January 13, 1983.

On January 14, 1983 Ohio Casualty Insurance Company (Ohio Casualty), allegedly perfected a security interest in the settlement agreement by filing a UCC financing statement with the Office of the Secretary of the State in Tallahassee, Florida. Subsequently, in compliance with Section 77.16(1) of the Florida Statutes, Ohio Casualty filed an affidavit in which they claim that the debt in the case at bar is due to them.

This Court directed Mark Carroll of Blackwell, Walker, Gray, Powers, Flick and Hoehl, as legal representatives of Monroe County Housing Corporation, Inc., to hold the funds received pursuant to the Court approved settlement agreement and to segregate not less than $35,000.00 of which to satisfy Climatrol's judgment.

Ohio Casualty contends that its claim to the settlement proceeds is superior to any lien or claim of Climatrol arising from service of the Writs of Garnishment because Ohio Casualty perfected its security interest pursuant to the Uniform Commercial Code before any Writs were served.

Florida Statutes section 679.9–303 states: (1) A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Such steps are specified in §§ 679.9–302, 679.9–304–679.9–306. If such steps are taken before the security interest attaches, it is perfected at the time when it attaches.

Subject to certain enumerated exceptions, Fla.Stat. § 679.9–302 requires that a financing statement must be filed to perfect a security interest. The transaction in

the case at bar does not present one of these exceptions. See Fla.Stat. § 679.9–302(1)(a)–(f).

Florida Statutes § 679.301 provides that, "an unperfected security interest is subordinate to the rights of ... a person who becomes a lien creditor before the security interest is perfected." In the instant case Ohio Casualty filed its U.C.C. financing statement one day after Climatrol received its lien by virtue of its Writ of Garnishment being served on Blackwell, Walker, Gray, Powers, Flick and Hoehl, as legal representatives of Monroe. Thus, even if Ohio Casualty had obtained a valid perfected security interest it would still be subordinate to the prior lien of Climatrol.

Florida Statutes § 679.9–104 specifically excludes certain transactions from the definition of secured transactions. These exclusions include:

(1) Article 9 does not apply to a right represented by a judgment, Section 679.-9–104(8),

(2) Article 9 does not apply to the right of set-off, Section 679.9–104(9),

(3) Article 9 does not apply to any claim arising out of tort, Section 679.9–104(11).

In explaining these exclusions comment 8 to Section 679.9–104 states:

The remaining exclusions go to other types of claims which do not customarily serve as commercial collateral: Judgments under paragraph (h)[8], set-offs under paragraph (i)[9] and tort claims under paragraph (k)[11].

■ The settlement and judgment in which Ohio Casualty claims a secured interest arose as the result of a tort claim. Fla.Stat. § 679.9–104 precludes Article 9 from being applicable to judgments arising out of tort.

This Court finds that Fla.Stat. § 679.9–104 precludes Ohio Casualty from holding a security interest in the transaction in the instant case, and further, even if Ohio Casualty had obtained a perfected security interest it was subsequent to, and subordinate in priority to, Climatrol's lien obtained pursuant to the Writ of Garnishment being served on Blackwell, Walker, Gray, Powers, Flick and Hoehl.

For the foregoing reasons this Court hereby finds that Climatrol's lien is superior to the claim of Ohio Casualty in regard to the funds being held by Mark Carroll of Blackwell, Walker, Gray, Powers, Flick and Hoehl, as legal representatives of Monroe County Housing, and that from such funds, the amount of $27,965.16, representing the judgment lien, plus prejudgment and post-judgment interest at the legal rate shall be forthwith paid to Climatrol. From said funds the Court further awards attorneys' fees to Ackerman, Senterfitt and Edison, in the amount of $400.00 and attorneys' fees to Blackwell, Walker, Gray, Powers, Flick and Hoehl in the amount of $400.00.